UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN J. JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>        Defendant. | CASE NO.   C04-5532JKA<br><br>ORDER AFFIRMING ADMINISTRATIVE DECISION |

    This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision.

    The facts are relatively straight forward. Plaintiff, John Johnson, was born April 3, 1938. On June 24, 1999, he injured his left leg while working and after applying for Washington State Worker's Compensation benefits, he was ultimately awarded a total of $20,319.66. The State ultimately characterized $12,397.00 of the award as temporary partial disability benefits and the remaining $7,922.66 as total permanent disability benefits.

    The parties agree the $12,397.00 is subject to the Social Security Administration Act's "offset" provision contained in 42 U.S.C. § 424a. In dispute is the treatment of the remaining $7,922.66. Plaintiff argues the Administration erroneously concluded that this part of the award should also be subject to the "offset" provision. Plaintiff argues this part of the award must be reviewed in light of state law, which

ORDER
Page - 1

clearly states permanent partial disability benefits are not tied to economic factors, and as such, the award is not subject to the federal law's "offset" provision. Both parties agree this matter turns on the application of 42 U.S.C. § 424(a), which requires the court to address the following two issues: (i) was Plaintiff's Worker's Compensation award paid as a total or partial disability, and (ii) whether the Worker's Compensation award was a lump-sum payment in substitution for periodic payments.

After reviewing the record, the court finds and orders as follows.

1. Initially, the State of Washington characterized the $7,922.66, along with the other $12,397.00, award as a permanent partial disability. However, on September 14, 2001, the State changed the $12,397.00 portion of the award into a temporary total benefit, and on April 8, 2003, the State recharacterized the $7,922.66 as a permanent total disability award. The ALJ did not address the April 8, 2003 decision made by the State Department of Labor and Industries. In sum, the Administration's decision, which reversed the ALJ's decision, on this issue is affirmed. The Administration properly considered the award a permanent total benefit in its calculation of Plaintiff's social security benefits.

2. With respect to the issue of whether or not the lump sum payment was made in substitution for periodic payments, Plaintiff argues the administration failed to approach the issue utilizing state law as was done in Hodge v. Shalala, 27 F.3d 430 (9th Cir. 1994), and defendant takes the position that the federal statue makes no reference to state law and that the state's characterization of the payments is not binding on the Administration.

Plaintiff cites McIndoe v. Dept. of labor & Industries, 144 Wn.2d 252, 26 P.3d 903 (2001) and Cayce v. Dept. of labor & Industries, 2 Wn.App. 315, 467 P.2d 897 (1970) to support the argument that the State of Washington does not consider permanent partial disability benefits to be tied to economic factors, and thus, such awards should not be treated as a periodic payment. However, as noted above, the Administration properly treated the $7,922.66 as a permanent total benefit, which according to McIndoe is associated with an individual's wage earning ability. Application of state law supports the Administration's treatment of the award as a periodic type of payment.

3. Plaintiff states in his brief:

The Appeals Council should have recognized Washington as a reverse offset state. Thereafter, it would have realized that Mr. Johnson's payment was offset by the Washington State Department of Labor and Industries as of September 7, 2000. By the time Mr. Johnson's claim was closed with a finding of total permanent disability in April 2003, the department not only reduced the pension

ORDER
Page - 2

award by the amount of $7,922.66, but also offset the pension amount. Once the department determined that Mr. Johnson was totally and permanently disabled, it placed him on the pension rolls. Under Washington law, "[i]f an injury that was originally classified as partially disabling is later determined to cause permanent, total disability, earlier payments are recouped by adjusting the pension." McIndoe, 144Wn.2d at 263, citing16R.C.W. § 51.32.080(4). When the department issued its April 8, 2003 order, the previously paid permanent partial disability of $7922.66, including interest, was taken from Mr. Johnson's pension fund. The result was the same as if M r. Johnson was never paid this money which the administration now wishes to offset.

Plaintiff's Opening Brief at 7.

As discussed above, the Administration's properly calculated Plaintiff's benefits. Plaintiff's argument above indicates the State Department of Labor and Industries should have made an adjustment to the pension funds, and as Defendant suggested, Plaintiff's argument would be an issue for the state court to decide.

4. Defendant's decision is Affirmed.

DATED this 23rd day of May, 2005.

                              /s/ J. Kelley Arnold
                              J. Kelley Arnold
                              U.S. Magistrate Judge